UNITED STATES of America,
Appellee,

v.

Lamont MULLER, aka Dell, aka Cuz, Marcus Colvin, Joseph Ellis, Lyndon Gordon, aka Panama, Javon Praylou, aka Joc, Rodney Morgan, aka Rodney Barton, aka Red, Wheeler Johnson, Jerimy Escalera, aka Dj Gadget, Benjamin Gregor, Gerjuan Tyus, aka Cali, Tiffany Harris, Amber Harris, Leticia Goosby, aka Tit, Owen Edwards, aka Ed, Defendants,

Donald Gatlin, aka Jitt, Defendant–
Appellant.

No. 11–2234–cr.

United States Court of Appeals,
Second Circuit.

July 9, 2012.

Francis L. O'Reilly, O'Reilly & Shaw LLC, Southport, CT, for Appellant.

Sarah P. Karwan & Sandra S. Glover, Assistant United States Attorneys, for David B. Fein, United States Attorney for the District of Connecticut, New Haven, CT, for Appellee.

Present: PIERRE N. LEVAL, ROSEMARY S. POOLER, REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Donald Gatlin appeals from his conviction, following a jury trial, on federal drug charges. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Even if we assume, *arguendo*, that the testimony at issue here was improperly

admitted, we do not believe that the district court abused its discretion in refusing to grant Gatlin's motion for a mistrial.

"A district court's denial of a motion for mistrial is reviewed for abuse of discretion." *United States v. Rodriguez*, 587 F.3d 573, 583 (2d Cir.2009). "Courts have the power to declare a mistrial whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated...." *United States v. Klein*, 582 F.2d 186, 190 (2d Cir.1978) (omission in original) (internal quotation mark omitted).

Gatlin, however, provides no reason to think that the allegedly improper testimony at issue required a mistrial in light of the substantial evidence of guilt cited by the government. The district court's specific instruction to the jury to "disregard" Agent Marchetti's "opinion" that Gatlin had in fact "consummate[d] a drug transaction" on April 3, 2009, only adds further support to this conclusion. *See United States v. Mussaleen*, 35 F.3d 692, 695 (2d Cir.1994).

Accordingly, the judgment of the district court hereby is AFFIRMED.